**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| STEPHEN OLLAR, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>DISTRICT OF COLUMBIA, *et al.*,<br><br>*Defendants.* | Civil Action No. 1:19-cv-01847-KBJ |

**DEFENDANTS DISTRICT OF COLUMBIA, BROOKE BEANDER, LYNSEY NIX, AND CHANELLE REDDRICK'S OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION**

## INTRODUCTION

On March 7, 2022, Plaintiffs Miriam Berman and Stephen Ollar filed a Motion for Reconsideration [54], under Fed. R. Civ. P. 59(e), of the Court's Memorandum Opinion [53] and Order [52] granting Defendants District of Columbia, Brooke Beander, Lynsey Nix, and Chanelle Reddrick's (District Defendants) Motion to Dismiss Plaintiffs' Amended Complaint. Like their Opposition [41] to the District Defendants' motion to dismiss, Plaintiffs' motion for reconsideration, while replete with emotionally-charged rhetoric, lacks legal analysis.[1] Plaintiffs misapprehend the law regarding issue preclusion and absolute immunity and, as a result, their motion fails to meet their burden of demonstrating that this Court made clear errors of law in granting the District Defendants' motion for dismissal. Moreover, to the extent that any of Plaintiffs' arguments have merit—and they do not—there are alternative grounds for dismissal of

---

[1] Although plaintiffs are *pro se* parties, Plaintiff Ollar is a member of the District of Columbia Bar.

the Amended Complaint which were presented to the Court in the District Defendants' dismissal motion [39].

## LEGAL STANDARD

A Rule 59(e) motion must meet a high burden, because such motions are "discretionary and need not be granted unless the court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Ciralsky v. CIA*, 355 F.3d 661, 671 (D.C. Cir. 2004). Motions to reconsider "cannot be used as 'an opportunity to reargue facts and theories upon which a court has already ruled, nor as a vehicle for presenting theories or arguments that could have been advanced earlier.'" *DeSilva v. Castro*, 314 F.R.D. 17, 18 (D.D.C. 2016) (internal citation omitted); s*ee also Mouzon v. Radiancy, Inc.*, 309 F.R.D. 60, 63 (D.D.C. 2015).

Indeed, the court may "grant a motion to reconsider only if the moving party can present new facts or clear errors of law that compel a change in the court's prior ruling." *Amoco Prod. Co. v. Fry*, 908 F. Supp. 991, 993 (D.D.C. 1995). As a result, Rule 59(e) motions are "disfavored" and "the moving party bears the burden of establishing 'extraordinary circumstances' warranting relief from a final judgment." *Mouzon*, 309 F.R.D. at 63.

## ARGUMENT

In their motion for reconsideration, Plaintiffs assert that the Court failed to consider six acts of the District Defendants that deprived them of "their clearly established federal constitutional rights" and resulted in their alleged common law claims for relief. Mot. For Recons. [54] at 6-7.[2] They identify the six alleged acts as: "1) performing medically unnecessary and harmful tests on the Plaintiffs' daughter in violation of Plaintiffs' right to make

[2] Page references are to the ECF generated pagination at the top of the pleadings.

medical decisions on her behalf, 2) unlawfully seizing the Plaintiffs' daughter, 3) fabricating evidence, 4) falsely swearing the petition, 5) perjury and the subornation of perjury at the probable cause hearing, and 6) destroying and withholding evidence." *Id.* at 6-7. The District Defendants therefore respond to these six alleged wrongful acts herein.

## I. Plaintiffs Misapprehend the Law Related to Issue Preclusion.

The District Defendants submit that Plaintiffs' Motion for Reconsideration [54] should be analyzed under Fed. R. Civ. P. 12(b)(6), rather than the jurisdiction standard of Fed. R. Civ. P. 12(b)(1) that was applied by the Court. The D.C. Circuit has clearly stated that issue preclusion is an "affirmative defense that may be lost if not pleaded in the answer; it may not ordinarily be asserted for the first time on appeal." *Stanton v. District of Columbia Court of Appeals*, 127 F.3d 72, 77 (D.C. Cir. 1997). If issue preclusion was indeed jurisdictional it could never be waived. *See Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012) (subject matter jurisdiction can never be waived); *NetworkIP, LLC v. Fed. Commc'n Comm'n*, 548 F.3d 116, 120 (D.C. Cir 2008) (same). Nonetheless—whether deemed jurisdictional matter or not—Plaintiffs' motion for reconsideration fails to correctly apply the principles of issue preclusion.

### A. Plaintiffs Had A Full Opportunity to Litigate the Issues Presented.

Issue preclusion "bars relitigation of an issue of fact or law when (1) the issue is actually litigated; (2) determined by a valid, final judgment on the merits; (3) after a full and fair opportunity for litigation by the parties or their privies; and (4) under circumstances where the determination was essential to the judgment, and not merely dictum." *Walker v. FedEx Office & Print Servs., Inc.*, 123 A.3d 160, 164 (D.C. 2015); *see also, e.g.*, *Capitol Servs. Mgmt., Inc. v. Vesta Corp.*, No. 18-7135, 2019 WL 3783582, at *6 (D.C. Cir. Aug. 13, 2019) (applying this test when the earlier judgment was a District of Columbia judgment). Plaintiffs ask this Court to

reconsider its ruling that issue preclusion applies here, because they once again assert they did not have a full and fair opportunity to litigate the issues presented in the Amended Complaint. Mot. For Recons. [54] at 9. Plaintiffs are incorrect. All of the six alleged acts that Plaintiffs identify as the basis for their claims are indeed barred by issue preclusion.

The District pursued a neglect petition in Superior Court on the basis that Plaintiffs' child was neglected. In resolving that claim, the trial court was required to resolve the following issues, which were later upheld by the D.C. Court of Appeals. The D.C. Court of Appeals upheld the finding that "that D.O.'s injuries could not be satisfactorily explained by appellants' story that D.O. slipped and fell out of [Plaintiff Ollar's] arms," and the subsequent inference that D.O. was neglected under D.C. Code § 16-2301(9)(A)(i). Ex. 1 at pp. 8-9.[3] The D.C. Court of Appeals also upheld the "findings and conclusion that appellants' failure to timely care for D.O.'s injuries rendered D.O. a neglected child under D.C. Code § 16-2301(9)(A)(ii)." Ex. 1 at p. 9. More broadly, the Court sustained the factual findings underpinning the trial court's credibility determinations, including that Plaintiffs "stopped providing information or answering Dr. Atkinson's questions" during the investigation and "that neither of the parents demonstrated appropriate care for D.O. at the time the injuries occurred." *Id*. at 7-8. The D.C. Court of Appeals also determined that Plaintiffs' arguments challenging the propriety of the probable cause hearing "lack[ed] merit." *Id.* at 2 n.5. Plaintiffs had the opportunity to take an immediate interlocutory appeal of the probable cause finding but failed to do so. *Id.* (citing D.C. Code § 16-2328(a)).

Defendants Beander, Nix, and Reddrick submit that the linchpin of Plaintiffs' claims involve the determination of issues they previously raised, litigated, and lost both before the

[3] Exhibit 1 was previously provided to the Court at [13-2].

Superior Court and the D.C. Court of Appeals, *In re D.O.*, No. 17-FS-444 (August 23, 2019), Exhibit 1. Thus, this Court, in dismissing the claims against the District Defendants, correctly held that "[e]stablishing Defendants' liability for each of Plaintiffs' claims would require re-litigation of the neglect case, which is plainly precluded." Mem. Op. [53] at 17. In response, Plaintiffs now argue that this Court should reverse its holding, because Plaintiffs posit that it is based on an "inaccurate generalization" of their claims. Mot. For Recons. [54] at 7-9. Reviewing each of Plaintiffs' claims, however, reveals that the claims against the individual defendants are barred by issue preclusion.

**1. Performing Medically Unnecessary and Harmful Tests on Plaintiffs' Daughter in Violation of Plaintiffs' Right to Make Medical Decisions on Her Behalf**

The law has long recognized that "a state is not without constitutional control over parental discretion in dealing with children when their physical or mental health is jeopardized." *Parham v. J.R.*, 422 U.S. 584, 584-601 (1979). As Justice Brennan noted in *Parham,* "[t]his principle is reflected in the variety of statutes and cases that authorize state intervention on behalf of neglected or abused children." *Id.* at 631 (Brennan J. concurring in part and dissenting in part); *see also* John Alan Cohan, *Judicial Enforcement of Lifesaving Treatment for Unwilling Patients*, 39 Creighton L. Rev. 849, 864 (2006) (collecting cases in which the state overrides parental objection to medical treatment for minor children).

Here, both the Superior Court and the D.C. Court of Appeals' decisions adjudicate that Plaintiffs failed to provide timely treatment for their child's injuries, failed to provide a satisfactory explanation for the cause of their child's skull fractures, and failed to cooperate in the investigation. *In re D.O.*, No. 17-FS-444 (August 23, 2019), Exhibit 1. These factors, which Plaintiffs cannot dispute in this forum as a matter of issue preclusion, provided the lawful basis

for Defendants Beander and Reddrick to commence an investigation that ultimately led to Dr. Atkinson's ordering of medical tests for Plaintiffs' child despite their wishes to the contrary. *See Chayo v. Kaladijian*, 844 F. Supp. 163, 169 (S.D.N.Y. 1994); *see also Schwimmer v. Kaladijian*, 988 F. Supp. at 641; *Kottmyer v. Maas*, 436 F.3d 684, 691-92 (6th Cir. 2006); *J.C. v. District of Columbia*, 199 A.3d 192, 202, n. 9 (D.C. 2018) ("we see no constitutional concerns with the tests given to Jo.C. in light of Jo.C.'s age and concerns that her twin N.C. had just been diagnosed with shaken baby syndrome"); *see also* D.C. Code § 4-1301.08 (2012 Repl.) (CFSA investigator may conduct medical tests, such as radiological examinations and x-rays performed on a child as part of investigation into child abuse and neglect).[4]

**2. Unlawfully Seizing Plaintiffs' Daughter**

The D.C. Circuit has recognized that social workers may not seize children absent a pre-deprivation hearing or exigent circumstances. *See Doe v. District of Columbia*, 796 F.3d 96, 104 (D.C. Cir. 2015). Again, principles of issue preclusion prevent Plaintiffs from relitigating, in this forum, the prior adjudication that they failed to provide timely treatment for their child's injuries, failed to provide a satisfactory explanation for the cause of their child's skull fractures, and failed to cooperate in the investigation. These factors, which Plaintiffs may not dispute, provided Defendants Beander and Reddrick with the probable cause necessary to believe that exigent circumstances existed for seizure of the child. *See J.C. v. District of Columbia*, 199 A.3d 192, 201 (D.C. 2018). Consequently, Plaintiffs' argument that "the unlawful seizure of the Plaintiffs'

[4] That Defendants Beander and Reddrick could lawfully commence an investigation that ultimately led to Dr. Atkinson's ordering of medical tests for Plaintiffs' child despite Plaintiffs' wishes to the contrary is more fully briefed in the District Defendants' Motion to Dismiss [39 at 26] and their Reply [49 at 17].

daughter is also unrelated to the Plaintiffs' purported neglect and the outcome of the neglect proceeding[,]" Mot. For Recons. [54] at 8, lacks merit.

**3. Fabricating Evidence, Falsely Swearing the Petition, Perjury, and the Subornation of Perjury at the Probable Cause Hearing**

Plaintiffs allege that Defendant Nix, in her role as Assistant Attorney General, drafted a false petition for D.O.'s removal and then "had" Defendant Reddrick, a CFSA social worker, falsely swear to its accuracy. Am. Compl. [33] ¶ 31. According to Plaintiffs, Nix then made false representations to the Superior Court during the probable cause hearing, and Defendant Beander, a supervisory social worker, rendered perjured testimony, all resulting in the Superior Court's finding of probable cause to believe that D.O. had been neglected. *Id.* ¶¶ 32-35. The D.C. Court of Appeals, however, considered Plaintiffs' arguments challenging the propriety of the probable cause hearing and found that they "lack[ed] merit." *In re D.O.*, No. 17-FS-444 at p. 2 n.5 (August 23, 2019) (Exhibit 1). The D.C. Court of Appeals specifically noted that Plaintiffs had the opportunity to take an immediate interlocutory appeal of the probable cause finding, but failed to do so. *Id.* at p. 2 n.5 (citing D.C. Code § 16-2328(a)). Principles of issue preclusion now prevent Plaintiffs from relitigating this issue. Given that the Court of Appeals affirmed the Superior Court Family Division finding that Plaintiffs failed to provide timely treatment for their child's injuries, failed to provide a satisfactory explanation for the cause of their child's skull fractures, and failed to cooperate in the investigation, this Court is precluded from finding that the evidence produced at the probable cause hearing was false. *See Walker v. FedEx Office & Print Servs., Inc.*, 123 A.3d 160, 164 (D.C. 2015); *see also, e.g.*, *Capitol Servs. Mgmt., Inc. v. Vesta Corp.*, No. 18-7135, 2019 WL 3783582, at *6 (D.C. Cir. Aug. 13, 2019).

**4. Destruction of Evidence**

Plaintiffs allege that Defendant Reddrick shredded her investigation notes, which Plaintiffs claim violated their Fifth Amendment due process rights. Am. Compl. [33] ¶¶ 39, 50. Any allegation that Defendant Reddrick's notes, if disclosed, would have altered the ultimate finding of neglect at trial fails because of issue preclusion. As Plaintiffs concede, they could fully explore the notes issue at the neglect trial and in their appellate brief. Compl. [1] ¶¶ 63, 71.[5] In affirming the trial court's neglect finding, the D.C. Court of Appeals necessarily rejected (even if only implicitly) all the evidentiary and discovery arguments that undergird Plaintiffs' constitutional claims here. *See Sec. Indus. Ass'n v. Bd. of Governors of Fed. Reserve Sys.*, 900 F.2d 360, 364 (D.C. Cir. 1990) (finding issue preclusion based on what prior court "necessarily held, even though only implicitly").

Putting aside issue preclusion, the allegations about Defendant Reddrick's notes do not plausibly entitle Plaintiffs to relief. *See Iqbal*, 556 U.S. at 680 (facts alleged in complaint must "nudge" claims from conceivable to plausible). As noted in the D.C. Court of Appeals Memorandum Opinion, Plaintiffs and eight expert witnesses testified at the neglect trial. *In re D.O.*, No. 17-FS-444 (August 23, 2019). *See* Ex. 1 at 4. Based on this evidence, the Superior Court determined that the infant had been neglected. It is entirely speculative, especially in the face of eight experts' testimony, that the social worker's notes made before the probable cause hearing would contain information that would have swayed the trial court to find that the infant

---

5 The Court may consider the original Complaint in evaluating the Amended Complaint. *See Hourani v. Mirtchev*, 943 F. Supp. 2d 159, 170 n. 15 (D.D.C. 2013); *citing W. Assocs. Ltd. P'ship, ex rel. Ave. Assocs. Ltd. P'ship v. Mkt. Square Assocs.,* 235 F.3d 629, 634 (D.C. Cir. 2001) (on a Rule 12(b)(6) motion "it is appropriate for the court to look beyond the amended complaint to the record, which includes the original complaint"); *see also Andrews v. Metro N. Commuter R. Co.*, 882 F.2d 705, 707 (2d Cir. 1989) ("the amendment of a pleading does not make it any less an admission of the party").

had not been neglected. Given the speculative nature of the allegation, it does not plausibly entitle Plaintiff to relief.

**B. <u>This Court Cannot Ignore the Opinion of the District of Columbia Court of Appeals.</u>**

Perhaps sensing the inherent weakness of their arguments regarding the applicability of issue preclusion, Plaintiffs tilt in a different direction and simply ask this Court to ignore the D.C. Court of Appeals decision upholding the Superior Court finding that Plaintiffs had neglected their child. Mot. For Recons. [54] at 9-11. In a rambling and confusing discourse, Plaintiffs criticize the D.C. Court of Appeals decision and allege that a "presumption of regularity" was rebutted by the decision, making the D.C. Court of Appeals decision "at odds with rudimentary legal concepts." *Id.* at 10. As to their emotionally-charged attack, it is difficult to comprehend how Plaintiffs reach the baseless conclusion that the Court of Appeals "held that the neglect petition serves no real Due Process purpose." *Id.*

Plaintiffs offer no support for the novel proposition that this Court can simply ignore a decision of the D.C. Court of Appeals aside from an inapposite Supreme Court case that discusses grand jury proceedings in a concurrence. *See United States v. Mechanik*, 475 U.S. 66, 75 (1986) (O'Connor J., concurring) ("The grand jury proceeding is accorded a presumption of regularity, which generally may be dispelled only upon particularized proof of irregularities in the grand jury process."). Further, it is noteworthy that the irregularities hypothesized in *Mechanik*, such as unlawfully publicizing grand jury proceedings, involved the fundamental integrity of the grand jury process. *Id.* Simply put, Plaintiffs fail to show why the D.C. Court of Appeals decision is not entitled to full faith and credit. The federal full faith and credit statute requires federal courts to give a District of Columbia court's decision "the same full faith and credit" as a District of Columbia court would. *See Marrese v. Am. Acad. of Orthopedic*

*Surgeons*, 470 U.S. 373, 380 (1985). Because this Court must give full faith and credit to the Court of Appeals decision, Plaintiffs' efforts to have this Court strike the decision from the record fail.

## II. Plaintiffs' Arguments Related to Absolute Immunity Lack Merit.

Plaintiffs allege that Defendant Nix, in her role as Assistant Attorney General, drafted a false petition for removal of D.O. and then "had" Defendant Reddrick, a CFSA social worker, falsely swear to its accuracy. Am. Compl. [33] ¶ 31. According to Plaintiffs, Nix then made false representations to the court during the probable cause hearing and Defendant Beander, a supervisory social worker, rendered perjured testimony, all resulting in the Superior Court's finding of probable cause to believe that D.O. had been neglected. *Id.* ¶¶ 32-35. Based on these allegations, Plaintiffs claim that their Fifth Amendment and common law rights were violated by these three defendants as a result of the fabrication of evidence, falsely swearing out the probable cause petition, and suborning and committing perjury. *Id.* ¶¶ 50(c), (d), (e). In reviewing these claims, this Court correctly held that the alleged conduct is protected by absolute immunity. Mem. Op. [53] at 21-23.

### A. Defendant Nix

This Court correctly found that Defendant Nix "is entitled to absolute immunity for her actions and statements during the neglect proceeds." Mem Op. [53] at 22. Plaintiffs assert that this ruling was erroneous because they allege that Defendant Nix "fabricated" evidence before the initial probable cause hearing and such conduct precludes the assertion of absolute immunity. Mot. for Recons. [54] at 6-7. Plaintiffs argue that Defendant Nix fabricated evidence by making false representations in the probable cause petition, and suborned perjury because the information was presented at the probable cause hearing. *Id*. at 12.

As the District Defendants' Reply [49] argues, Defendant Nix's immunity as a prosecutor is not limited to what she said and did during the hearing itself. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 272 (1993) (rejecting the "extreme position" that prosecutorial immunity "extends only to the act of initiation itself and to conduct occurring in the courtroom"). Instead, it extends to anything she does in her "role as advocate for the State." *Id.* The Supreme Court has "noted in particular that an out-of-court effort to control the presentation of a witness' testimony [is] entitled to absolute immunity because it [is] fairly within the prosecutor's function as an advocate." *Id.* at 272-73 (internal quotation marks and alterations omitted). This squarely covers allegations regarding a prosecutor's subornation of perjury, as many courts have held. *See, e.g.*, *Dory v. Ryan*, 25 F.3d 81, 83 (2d Cir. 1994) (immunity protects prosecutor for "allegedly conspiring to present false evidence at a criminal trial"); *Manning v. Miller*, 355 F.3d 1028, 1032 (7th Cir. 2004) ("[B]oth a witness and a prosecutor are immune from civil liability when they 'conspire' together to commit perjury—that is, when the prosecutor knows a witness will lie on the stand.").

As to the fabrication of evidence, what Plaintiffs do *not* argue in their Motion for Reconsideration [54], nor could they, is that Defendant Nix fabricated *evidence* other than testimonial evidence. Thus, what they are really attacking is Defendant Nix's representations in the affidavit submitted to the Court and the presentation of testimony at the hearing. That distinguishes this case from *Buckley v. Fitzsimmons,* 509 U.S. 259 (1993), the case upon which Plaintiffs rely. Mot. For Recons. [54] at 6-7. In *Buckley*, the prosecutors caused the creation of false evidence by soliciting a forensic report from an "expert" who they allegedly knew was a total fraud. *Id.* at 262-63. Plaintiffs here do not allege that Nix caused the creation of any false evidence—just that she "fabricated" the "claims" that were asserted at the hearing. *See also*

*Lisker v. City of Los Angeles*, 780 F.3d 1237, 1242 (9th Cir. 2015) (court distinguishes conspiracies to testify falsely from "non-testimonial" acts, such as "tampering with documentary or physical evidence or preventing witnesses from coming forward"). This Court, therefore, correctly found that Defendant Nix is entitled to absolute immunity.[6]

**B. Defendants Beander and Reddrick**

Plaintiffs make no effort in their Motion for Reconsideration [54] to explain how Defendant Beander—the supervisory social worker who testified at the probable cause hearing—is not protected by absolute immunity. *See Gray v. Poole*, 275 F.3d 1113, 1117 (D.C. Cir. 2002) (*Gray II*) (social workers are entitled to absolute immunity as to their testimony in a neglect proceeding). And Plaintiffs do not claim any other conduct by Defendant Beander that would serve to deny her absolute immunity.

Regarding Defendant Reddrick, Plaintiffs concede that she is entitled to absolute immunity as to her testimony at the probable cause hearing. Mot. For Recons. [54] at 7. Nevertheless, they argue that her "fabrication of evidence" before the hearing is not protected by absolute immunity. *Id.* at 7-8. Plaintiffs fail, however, to identify the evidence that they allege was fabricated. They appear to make the same failed argument that they make as to Defendant Nix, namely that the fabricated evidence is the alleged decision to create a false affidavit. This argument against Defendant Reddrick fails for the same reasons that it fails as to Defendant Nix.

Ultimately, Plaintiffs fail to present a viable argument that this Court erred when it granted Defendants Nix, Beander, and Reddrick absolute immunity to the claims that they

---

[6] The District Defendants further argued that Defendant Nix's alleged decision during her investigation to subsequently misrepresent the facts in court—even assuming it is not covered by immunity—simply did not violate the Constitution. Reply [49] at 4-5.

fabricated evidence, falsely swore to the truthfulness of the petition, and committed and suborned perjury that was presented at the probable cause hearing.

## III. When Ruling on Plaintiffs' Motion for Reconsideration, This Court Should Reach the Merits of the District Defendants' Other Arguments in Support of Dismissal.

In their motion to dismiss or for summary judgment [39], the District Defendants presented several other grounds for dismissal. The District Defendants respectfully request that, in ruling on Plaintiffs' Motion for Reconsideration [54], this Court reach the merits of the additional grounds for dismissal. It is clear that if this Court denies Plaintiffs' Motion for Reconsideration, an appeal is likely to follow. This Court's review of the additional grounds for dismissal would enable the appellate court to review the full panoply of the District Defendants' grounds for dismissal. *Cf. Owens v. Republic of Sudan*, 174 F. Supp. 3d 242, 288 (D.D.C. 2016) (discussing an issue "in case it might assist the D.C. Circuit (if it reviews this issue)"). These additional grounds are as follows:

1. Defendants Reddrick and Beander did not violate plaintiffs' Fifth Amendment rights when they commenced an investigation into D.O.'s injuries.

2. The Court's probable cause finding was not based on perjured testimony.

3. Plaintiffs' "destroyed notes" claim against Defendant Reddrick fails as a matter of law.

4. Defendants Beander, Nix, and Reddrick are entitled to qualified immunity.

5. The Court should dismiss Plaintiffs' Section 1983 claim against the District because the District does not have an explicit unconstitutional policy nor does the Amended Complaint sufficiently plead policymaker or custom and policy constitutional liability.

## IV. The Court Should Explicitly Assert Supplemental Jurisdiction Over Plaintiffs' Common Law Claims.

Implicitly, the Court exercised its discretion and asserted supplemental jurisdiction over Plaintiffs' common law claims when it dismissed them.  Notably, Plaintiffs have not raised objections to the Court's assertion of supplemental jurisdiction.  Nevertheless, the District Defendants respectively request, for purposes of achieving a complete record, that this Court explicitly exercise its discretion and state the reasons for doing so.  *See* 28 U.S.C. § 1367.

In deciding whether to exercise supplemental jurisdiction, the "court must first determine whether the state and federal claims derive from a common nucleus of operative fact." *Konah v. District of Columbia,* 815 F. Supp. 2d 61, 78 (D.D.C. 2011) (citing *Women Prisoners of the D.C. Dep't of Corr. v. District of Columbia,* 93 F.3d 910, 920 (D.C. Cir. 1996)).  If so, "the court then must decide whether to exercise its discretion to assert jurisdiction over the state claim." *Id.* at 78-79.  In making this determination, the court must weigh factors of judicial economy, convenience, fairness, and comity. *Edmondson & Gallagher v. Alban Towers Tenants Ass'n,* 48 F.3d 1260, 1265-66 (D.C. Cir. 1995).  But if a common law claim raises a "novel or complex issue of state law," the court may decline to exercise its supplemental jurisdiction. *Konah,* 815 F. Supp. 2d at 79.

Here, Plaintiffs' federal and state claims derive from a common nucleus of operative facts—namely the neglect investigation and subsequent judicial proceedings.  Additionally, as demonstrated in the District Defendants' Motion to Dismiss [39], many of the principles of law that defeat Plaintiffs' federal claims, such as immunity and issue preclusion, also bar Plaintiffs' common law claims.  Judicial economy, fairness, and convenience also weigh in favor of this Court retaining jurisdiction.  The issues related to the common law claims will be fully briefed by the parties and ripe for adjudication.  It would waste time and resources to remand the common law claims for adjudication to a different forum.  Finally, this matter presents no novel

or complex issues of state law. As a result, there are ample grounds for this Court to exercise supplemental jurisdiction over Plaintiffs' common law claims.

## V. **The Court Did Not Abuse Its Discretion By Not Scheduling Oral Argument**.

Plaintiffs further argue that the Court "abused its discretion by not providing a hearing" prior to ruling on the District Defendants' motion to dismiss. Mot. For Recons. [54] at 14. Yet, at the same time, Plaintiffs acknowledge that a hearing is "not required." *Id.* It is well-established under the Court's local rules that a hearing is within the discretion of the Court. *See* LCvR 7(f); *Ndoromo v. Barr*, 486 F. Supp. 3d 388, 395 (D.D.C. 2020). Thus, Plaintiffs' argument that this Court abused its discretion is without merit.

## CONCLUSION

For these reasons, the Court should deny Plaintiffs' Motion for Reconsideration.

Date: April 4, 2022

Respectfully submitted,

KARL A. RACINE
Attorney General for the District of Columbia

CHAD COPELAND
Deputy Attorney General
Civil Litigation Division

*/s/ Alicia M. Cullen*
ALICIA M. CULLEN [1015227]
Chief, Civil Litigation Division, Section III

*/s/ Robert A. DeBerardinis, Jr.*
ROBERT A. DEBERARDINIS, JR. [335976]
Senior Assistant Attorney General
MARGARET ULLE [1012957]
Assistant Attorney General
400 6th Street, NW
Washington, D.C. 20001
Phone: (202) 724-6642; (202) 826-5454
Email: robert.deberardinis@dc.gov;
margaret.ulle@dc.gov

*Counsel for Defendants District of Columbia, Brooke Beander, Lynsey Nix, and Chanelle Reddrick*