IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **STEPHEN OLLAR, et al.** : | |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | Case No.: 1:19-cv-01847-FYP |
| : | |
| **THE DISTRICT OF COLUMBIA, et al.** : | |
| : | |
| Defendants. : | |
| : | |

### PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITIONS TO THE PLAINTIFFS' MOTION FOR RECONSIDERATION

COME NOW Plaintiffs Miriam Berman and Stephen Ollar, and hereby reply to the Defendants oppositions to the Plaintiffs' Motion for Reconsideration of the Court's February 10, 2022 Order Granting Defendants District of Columbia, Brooke Beander, Lynsey Nix, Chanelle Reddrick, and Norrell Atkinson's Motions to Dismiss the Amended Complaint. Plaintiffs reply as follows:

Defendants' oppositions are replete with hyperbole and rhetoric.[1] Despite this blather, the oppositions fail to refute the obvious reality that the Amended Complaint does in fact include allegations of misconduct against these Defendants, misconduct occurring outside of any judicial proceeding, which the Court failed entirely to consider in its opinion. Unable to refute this reality,

---

[1] Both oppositions allege either that an insufficient number of cases were cited, that Plaintiffs' insult the Court, or that Plaintiffs' motion was "rambling and confusing discourse." Citations are unnecessary to highlight where the Court failed to consider well-pled allegations in the Amended Complaint. Nor do Plaintiffs insult the Court by doing so. Zealous advocacy requires direct and honest communication. Moreover, the Court's Standing Orders imposes a strict 10-page limitation on motions for reconsiderations, significantly limiting the number of citations and pleasantries that may be included, particularly where the Court dismisses entirely with a plaintiff's case. Plaintiffs do not have the liberty to just ignore, as the District Defendants had, the time and page limitations prescribed by this Court's Rules and Standing Orders. Rightfully, the Court should not consider any argument beyond the 10th page of the District Defendants' opposition.

1

the District Defendants attempt to argue in the first instance that these issues were addressed in the neglect proceeding below, while Defendant Atkinson outright ignores the issue. Defendants' muddying, however, should rightly be considered a concession of this point.

For example, consider the District Defendants counter to the allegation that they performed medically unnecessary and harmful testing on the Plaintiffs' daughter in violation of the Plaintiffs' right to make medical decisions on her behalf. ECF No. 59, at 5. The District Defendants make the absurd contention that it was in fact the Plaintiffs' own actions that justified Defendants ordering medically unnecessary tests on the Plaintiffs' daughter, without consent or judicial authorization, and in violation of the Plaintiffs' well-established Constitutional rights. *Id*. at 6. This is analogous to the District asserting that law enforcement can physically assault, search, and seize an individual simply because they disapprove of the individual's conduct. Nothing Plaintiffs did, or did not do, would justify the District Defendants' own unlawful conduct. Unsurprisingly, Defendants fail to identify any portion of the Court's opinion where this issue was addressed.

The District Defendants also fail to counter the allegation that they unlawfully seized the Plaintiffs' daughter. For the first time anywhere, the District Defendants now submit that Defendants Beander and Reddrick had probable cause to believe that exigent circumstances existed for the seizure of the child. *Id*. at 6. Not only was this assertion not argued in their original motion to dismiss, but it was not argued in the neglect proceeding and there are no judicial findings to support this newfound contention. Consequently, Defendants fail to cite anywhere in the record to support this contention. The District Defendants' baseless proclamations of fact, without record support, fail to meet their burden of proving that issue preclusion is warranted. Again, Defendants do not identify any portion of the Court's opinion where this issue was addressed. Crucially, by making this contention in the first instance, the District Defendants concede that discovery must

2

occur before the Court can rule dispositive on this issue.

The remainder of the District Defendants' arguments suffer from the same flawed reasoning and lack of record support. Defendant Atkinson, on the other hand, simply disregarded these allegations in the Amended Complaint entirely and further failed to identify where in the Court's opinion they were appropriately considered.

The Amended Complaint clearly alleges in **six sequentially numbered paragraphs** the Defendants' deprivations of the Plaintiffs clearly established federal Constitutional rights. Am. Comp. ¶¶ 50(a)-(f). The Amended Complaint then alleges with equal clarity various state law claims as they relate to these six acts of misconduct. When making the generalized declarations that "[t]he underlying premise of the instant lawsuit is Plaintiffs' contention that the child-abuse investigation and the petition for neglect . . . were baseless and malicious" or that "all of Plaintiffs' claims stem from actions taken during and in connection with the neglect proceeding," the Court either fails to cite the Amended Complaint, cites the Amended Complaint generally, or cites only to paragraphs "50(c), (d), (e)" of the Amended Complaint. *See* ECF No. 53, at 1, 10, 13, 20, 21, and 22. Nowhere does the Court consider the allegations concerning the unlawful medical testing and unlawful seizure contained within paragraphs 50(a) and 50(b) of the Amended Complaint or the destruction and withholding of evidence contained within paragraph 50(f). That the Court failed to consider these allegations could not be any more apparent. Defendants simply have no rebuttal to this reality.

The Court's error is compounded by the direct evidence of misconduct provided by the Defendants. It is puzzling how the Court could include a mostly irrelevant eight-page summary of the D.C. Court of Appeals opinion without so much as stating a single allegation of the Defendants' misconduct, as fully alleged in the Amended Complaint and supported by the

aforementioned evidence from the Defendants. *See* ECF No. 53, at 2-9. Though the Court may consider "undisputed facts in the record," such as the Court of Appeals opinion, when deciding a Rule 12(b)(1) motion, it cannot simply ignore the complaint in so doing. *Id*. at 12. Indeed, the Circuit Court has cautioned that "should the trial court look beyond the pleadings, it must bear in mind what procedural protections could be required to assure that a full airing of the facts pertinent to a decision on the jurisdictional question may be given to all parties," and that "ruling on a Rule 12(b)(1) motion may be improper before the plaintiff has had a chance to discover the facts necessary to establish jurisdiction." *Herbert v. National Academy of Sciences*, 974 F.2d 192, 198 (D.C. Cir. 1992). No such required hearing or discovery was afforded to the Plaintiffs in this matter.

Unfortunately, this case is not an outlier. The Supreme Court's recent decision in *Thompson v. Clark* highlights this point. __ S.Ct. __, 2022 WL 994329 (2022). There, law enforcement violated Thompson's clearly established rights in order to further an investigation into whether he had abused his newborn child, and then to justify their own violence, the officers filed a retaliatory criminal complaint against Thompson. *Id*. at *6-9. *Thompson* is but one of many cases where law enforcement, prosecutors, and social workers accuse parents of harming or neglecting their children on the basis of dubious or nonexistent evidence. *Amicus* filed by the Home School Legal Defense Association detailed the alarming national problem of child-welfare investigations failing to obtain valid consent from parents, asserting false exigent circumstance claims or outright fabricating evidence, and inflicting severe emotional and psychological harm to parents and children.[2] Though *Thompson* dealt primarily with the issue of malicious prosecution,

---

[2] The *amicus* emphasizes that "interventions such as medical treatments designed to help children can also hurt them" and that the "[c]onsequences of disrupting mother-infant interactions range from marked suppression of certain neuroendocrine and physiological systems after short periods

4

the Supreme Court recognized that the "wrongful initiation of charges without probable cause" violates the Fourth Amendment.

Regardless of whether Plaintiffs actually neglected their daughter, Defendants were wrong to violate the Plaintiffs' clearly established Constitutional rights.  They directed a non-treating physician to perform painful and medically unnecessary tests on the Plaintiffs' daughter without consent or judicial authorization.  They seized the Plaintiffs' daughter without exigent circumstances or judicial authorization after Plaintiffs confronted Defendants with their abuses.  They fabricated evidence, committed perjury, and suborned perjured testimony to support the unlawful seizure.  And they destroyed and withheld evidence of said misconduct from the Plaintiffs.  These issues have never been "actually litigated" nor "determined by a valid, final judgment on the merits . . . after a full and fair opportunity for litigation." *Capitol Servs. Mgmt., Inc.*, 933 F.3d 784, 794 (D.C. Cir. 2019).  Nor could these issues have been raised in a proceeding that dealt solely with the issue of the Plaintiffs' purported neglect.  Even assuming that Plaintiffs neglected their daughter, this finding does not absolve Defendants from their own misconduct.  To find otherwise eviscerates every protection afforded under the Constitution.

The Court's failure to consider the allegations of the Defendants' misconduct during its issue preclusion and immunity analyses completely invalidates the Court's subsequent findings. Therefore, the only appropriate remedy is to vacate the Court's February 10, 2022 Order and set this matter for a hearing on the motions.

---

of maternal deprivation to retardation of growth and behavioral development after chronic periods."  Brief of HSLDA as Amicus Curiae, p.23, *Thompson v. Clark*, __ S.Ct.__ (2022) (available at https://www.supremecourt.gov/DocketPDF/20/20-659/181434/20210611110357759_20659%20Amicus%20Brief%20of%20Home%20School%20Legal%20Defense%20Association.pdf).

Respectfully submitted,

/s/ *Miriam Berman*
Miriam Berman
/s/ *Stephen P. Ollar*
Stephen P. Ollar
D.C. Bar No.:  1617446
8401 Farrell Drive
Chevy Chase, MD 20815
Tel: (703) 282-8384
mimsberman@yahoo.com
stephenpollar@gmail.com
*Pro se Plaintiffs*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this the 12th day of April, 2022, a copy of the foregoing Plaintiffs' Reply to Defendants' Oppositions to Plaintiffs' Motion for Reconsideration was filed and served via the Court's CM/ECF system to:

Robert A. Deberardinis, Jr.
Matthew Robert Blecher
400 6th Street, N.W.
Washington, DC 20001
robert.deberardinis@dc.gov
matthew.blecher@dc.gov
*Attorneys for Defendants the District of Columbia, Channelle Reddrick, Brooke Beander, and Lynsey Nix*

and

Jodi V. Terranova
1500 K. Street, N.W., Suite 330
Washington, DC 20005
jodi.terranova@wilsonelser.com
*Attorney for Defendant Atkinson*

/s/ *Stephen P. Ollar*
Stephen P. Ollar